UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JENNIFER M. SCHLISSEL,<br>    1622 Ashby Avenue<br>    Berkeley, California 94703<br><br>    Plaintiff,<br><br>    v.<br><br>WASHINGTON METROPOLITAN<br>AREA TRANSIT AUTHORITY<br>    600 Fifth Street, N.W.<br>    Washington, D.C. 20001<br><br>    Serve:  Carol B. O'Keeffe<br>              General Counsel, WMATA<br>              600 Fifth Street, N.W.<br>              Washington, D.C. 20001<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT AND JURY DEMAND**

COMES NOW Plaintiff Jennifer M. Schlissel and for her Complaint against Defendant Washington Metropolitan Area Transit Authority ("WMATA") states as follows:

**JURISDICTION AND VENUE**

1. Jurisdiction in this Court is founded on the Washington Metropolitan Area Transit Authority Compact (the "Compact"), which establishes original jurisdiction in this Court over WMATA matters pursuant to the Compact, Art. XVI § 81, adopted in the District of Columbia Code at § 9-1107.10.

2. Venue in this action properly lies in the United States District Court for the District of Columbia pursuant to 28 U.S.C. § 1391, insofar as the events giving rise to this action

1

took place exclusively in the District of Columbia and WMATA is located in this federal judicial district.

## PARTIES

3. Plaintiff Jennifer M. Schlissel (hereinafter "Plaintiff") is an adult resident of California, residing at 1622 Ashby Avenue, Berkeley, California 94703.

4. Upon information and belief, Defendant WMATA (hereinafter "Defendant" or "WMATA"), created effective February 20, 1967, is an interstate compact agency and, by the terms of its enabling legislation, is an agency and instrumentality of the District of Columbia, State of Maryland, and Commonwealth of Virginia.

5. At all relevant times, WMATA was the owner of the transit bus being operated by its employee bus driver, Darrin Dove ("Mr. Dove"). At all relevant times, the bus operator, Mr. Dove, was acting in the course and scope of his employment and/or agency with WMATA, thereby rendering WMATA vicariously liable for all of his tortious acts and omissions in causing Plaintiff's injuries. WMATA is also liable for Mr. Dove's tortious acts and omissions pursuant to Article XVI § 80 of the Compact and pursuant to WMATA's June 15, 2006, Revised Indemnification Policy, Resolution Number 2006-32.

## FACTS

6. On January 2, 2013, at approximately 6:00 p.m., Plaintiff was riding her bicycle home from the Bread for the City office located at 1640 Good Hope Road, SE, Washington, D.C. where she worked as an attorney.

7. Plaintiff was wearing a reflective vest, and her helmet, bag and bicycle also each had a flashing light to alert drivers to her presence.

8. D.C. Mun. Regs. tit. 18 § 1200.3 (2013) states that "operators of bicycles have the same rights as do operators of motor vehicles…" Accordingly, Plaintiff had the right to ride her bicycle in the right lane of Pennsylvania Avenue, just as she would have that right had she been driving a car.

9. As Plaintiff rode her bicycle westbound in the right lane on Pennsylvania Avenue, NW, between 10th and 11th Streets, NW, on her way to turn right on 11th Street, NW, a WMATA bus driven by Mr. Dove drifted towards her and did not stop.

10. The bus struck Plaintiff, trapping her between the bus and the curb, and dragging her down Pennsylvania Avenue, as her bag became hooked on something protruding from the right side of the bus.

11. Plaintiff screamed as the WMATA bus dragged her, and became terrified that she would be run over by the bus or thrown onto the concrete, leading to paralysis or death.

12. As WMATA's own video clearly depicts, Plaintiff was then thrown over the handlebars of her bicycle and landed violently on her right shoulder on the hard pavement.

13. Mr. Dove only stopped the bus after others told him to stop.

14. Mr. Dove then went to check on Plaintiff. He apologized for striking her and stated that he had believed she made a right turn on 10th Street and was no longer beside the bus, despite the fact that 10th Street is one-way in the opposite direction.

15. DC Fire and EMS arrived at the scene and Plaintiff was taken by ambulance to Georgetown University Hospital.

16. Plaintiff suffered injuries to her right shoulder, head and left hand, and sustained multiple bruises and lacerations on many parts of her body.

17. At no time did Plaintiff act in a negligent manner, nor did she assume any risk.

18. At the time of the occurrence, Mr. Dove, the operator of the WMATA bus, was an agent and/or employee of Defendant and was operating the bus within the course and scope of his employment and/or agency with Defendant, which is vicariously liable and otherwise legally responsible for his actions.

19. At the time of the occurrence, Mr. Dove was operating the WMATA bus with the consent of Defendant.

## COUNT I
### (Negligence and Negligence Per Se)

20. The preceding paragraphs are incorporated by reference as though fully set forth herein.

21. Plaintiff brings this claim for her individual injuries suffered as a result of the negligence and negligence per se against Defendant.

22. All acts and omissions of Defendant's agent, servant, and/or employee, Mr. Dove, were carried out within the scope of his employment and/or agency while performing a proprietary function as an employee of WMATA, rendering WMATA legally and statutorily liable.

23. The aforesaid incident was caused by and was the direct, sole, and proximate result of the negligence of Defendant's agent, servant, and/or employee.

24. Defendant, through its agent, servant, and/or employee, had a duty of care to operate the WMATA bus in a proper fashion with the degree of care and skill that a reasonably competent driver would have exercised under similar circumstances.

25. Defendant, through its agent, servant, and/or employee, breached the aforesaid duty of care and was negligent in the following ways, *inter alia*:

  (a)  Failure to pay full time and attention to the operation of the WMATA bus;

  (b)  Failure to keep a proper lookout;

  (c)  Failure to operate the WMATA bus as necessary to avoid colliding with another vehicle;

  (d)  Failure to apply the brakes of the WMATA bus in a timely manner;

  (e)  Failure to operate the WMATA bus safely,

  (f)  Failure to see Plaintiff;

  (g)  Failure to warn Plaintiff;

  (h)  Failure to adhere to the applicable motor vehicle laws and regulations then and there in full force and effect in the District of Columbia.

26. By violating District of Columbia Municipal Regulations designed to protect bicycle riders such as Plaintiff, Defendant's agent, servant, and/or employee, was also negligent per se in driving the WMATA bus within the right hand lane while overtaking or passing a bicycle being ridden in that lane, and after overtaking or passing, driving into that right-hand lane before being safely clear of the overtaken bicycle, in violation of D.C. Mun. Regs. tit. 18 § 2202.9 (2013).

27. By violating District of Columbia Municipal Regulations designed to protect bicycle riders such as Plaintiff, Defendant's agent, servant, and/or employee was also negligent per se in failing to give full time and attention to the operation of the WMATA bus, in violation D.C. Mun. Regs. tit. 18 § 2213.4 (2013).

28. By violating District of Columbia Municipal Regulations designed to protect bicycle riders such as Plaintiff, Defendant's agent, servant, and/or employee was also negligent

per se in failing to drive the WMATA bus as nearly as practicable entirely within a single lane and failing to not move from that lane until he had first ascertained that such a movement could be made with safety, in violation of D.C. Mun. Reg. Tit. 18 § 2201.6(a) (2013).

29. By violating District of Columbia Municipal Regulations designed to protect bicycle riders such as Plaintiff, Defendant's agent, servant, and/or employee was also negligent per se in turning the WMATA bus to enter a private road or driveway, or otherwise turn the WMATA bus from a direct course or move right or left upon a roadway without giving an appropriate signal, in violation of D.C. Mun. Regs. tit. 18 § 2204.2 (2013).

30. Plaintiff belonged to the class of persons for whose benefit the foregoing District of Columbia Municipal Regulations were enacted, the harm that occurred to Plaintiff was of the type against which these regulations were designed to protect, and the regulatory violations by Mr. Dove were the proximate cause of Plaintiff's injuries.

31. The foregoing District of Columbia Municipal Regulations were enacted to prevent the type of incident that occurred, and Mr. Dove's unexplained violations of these regulations render Defendant negligent as a matter of law.

32. Plaintiff's personal injuries were direct and proximate results of the aforesaid wrongful acts and neglect of Defendant's agent, servant and/or employee.

33. Plaintiff acted properly in all respects and was free from negligence in connection with this incident.

34. As a direct and proximate result of Defendant's negligent acts and omissions, Plaintiff suffered fear, as well as serious and permanent emotional and bodily injuries including, *inter alia*, injuries to her right shoulder, head and left hand, and multiple bruises and lacerations on many parts of her body.

35. As a further direct and proximate result of Defendant's negligent acts, Plaintiff suffered and will continue to suffer intense physical and emotional pain and suffering.

36. As a further direct and proximate result of Defendant's negligent acts, Plaintiff incurred and may in the future continue to incur significant medical expenses.

37. As a further direct and proximate result of Defendant's negligent acts, Plaintiff incurred lost wages.

38. As a further direct and proximate result of Defendant's negligent acts, Plaintiff was, and continues to be, prevented from pursuing her normal routine and customary activities.

39. For such injuries proximately resulting from Defendant's negligent conduct, Defendant is liable to Plaintiff for compensatory damages in the amount of not less than Five Hundred Thousand Dollars ($500,000.00), which amount shall be proven at trial.

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and against the Defendant, as follows: (1) compensatory damages in the amount of not less than Five Hundred Thousand Dollars ($500,000.00), which shall be proven at trial; (2) pre- and post-judgment interest; (3) costs; and (4) such other and further relief as this Court may deem just and proper.

## JURY TRIAL REQUESTED

Plaintiff, by counsel, respectfully requests a trial by jury on all issues.

                                    Respectfully submitted,

                                    JENNIFER M. SCHLISSEL

                                    _/s/ Peter C. Grenier_____

By:    Peter C. Grenier, D.C. Bar #418570
         Andre M. Gregorian, D.C. Bar #482815
         Grenier Law Group PLLC
         1400 L Street, N.W., Suite 420
         Washington, D.C. 20005
         Phone: 202-768-9600
         Fax: 202-768-9604
         Email: pgrenier@grenierlawgroup.com
         Email: agregorian@grenierlawgroup.com

Dated: January 23, 2015          *Counsel for Plaintiff*